1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8  Donald Alphonso Allen,          )
                                    )
9            Plaintiff,             )  CIV 13-08048 PHX GMS MEA
                                    )
10           v.                     )  REPORT AND RECOMMENDATION
                                    )  FOR DISMISSAL WITHOUT
11 Commissioner of Arizona State    )  PREJUDICE FOR FAILURE TO
   Prison; Pamela Rider; President  )  SERVE
12 of Management & Training         )
   Corporation, ASPC Kingman;       )
13 CO Denoyer; Unknown Parties,     )
                                    )
14           Defendants.            )
   _____)

15

16 TO THE HONORABLE G. MURRAY SNOW:

17        Plaintiff filed a complaint on March 11, 2013,

18 alleging, *inter alia*, a cause of action pursuant to section

19 1983, regarding an incident which occurred on April 26, 2012, at

20 the Arizona Department of Corrections facility in Kingman,

21 Arizona.  On March 11, 2013, Plaintiff was, and he is now,

22 incarcerated in New Jersey.  Plaintiff filed an amended

23 complaint (Doc. 7) on May 20, 2013.

24        On July 16, 2013, the Court granted Plaintiff's motion

25 for leave to proceed in this matter *in forma pauperis* and

26 ordered Defendant Denoyer to answer the claim stated in

27 Plaintiff's first amended complaint at Doc. 7.

28

The screening order states:

> In his one-count First Amended Complaint, Plaintiff sues the following Defendants: John Doe Commissioner of the Arizona State Prison (John Doe Commissioner), Warden [] Rider, John Doe President of M.T.C. (John Doe President), Correctional Officer Denoyer, and "Captains and Sergeants, and L[ieu]tenants of the F[ir]st Shift Staff 1-10 I/J/S/A ABC Entities of Arizona State Prison Kingman Complex."
> Plaintiff alleges that he was subjected to excessive force, in violation of the Eighth Amendment, when Defendant Denoyer[,] while Plaintiff was being searched, released his canister of pepper spray into Plaintiff's face and immediately placed his restraints on Plaintiff. Plaintiff contends that his vision became impaired from the incident and he had to seek additional eye care....
> Plaintiff claims that the post-incident investigation determined Defendant Denoyer had used excessive force, Plaintiff received a formal apology, and Defendant Denoyer was relieved of his duties for the remainder of his tour of duty that day. In addition, in response to Plaintiff's grievance regarding the incident, Defendant Rider stated that Defendant Denoyer's employment was terminated as a result of the incident.

Doc. 9.

The Court ordered all other defendants and claims stated in the first amended complaint (Doc. 7) be dismissed. The Court warned Plaintiff that his failure to obtain service of process on Defendant Denoyer within sixty days of the date that order was entered, i.e., by September 13, 2013, would result in the dismissal of Plaintiff's claims pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), Local Rules of Civil Procedure for the United States District Court for the District of Arizona.  The Court also denied Plaintiff's motion for the appointment of counsel.

Plaintiff returned a service packet for Defendant Denoyer to the Court.

A second amended complaint (Doc. 11) was docketed without leave of the Court on August 8, 2013, naming as defendants Unknown Denoyer, Pamela Rider, Unknown Parties, Unknown Party (Commissioner of Arizona State Prison), Unknown Party (President of Management & Training Corporation), and ASPC Kingman Complex.  Plaintiff was not entitled to docket another amended complaint without leave of the Court.

The address provided by Plaintiff for service on Defendant Denoyer was at the Arizona State Prison Complex in Kingman, Arizona.  Service on Defendant Denoyer was returned as unexecuted on August 29, 2013.  See Doc. 13.  The return of service indicates that service documents were mailed to the Kingman prison and returned to the Marshal with a notation that Defendant Denoyer was no longer employed at the prison.  Id.

On November 15, 2013, the Court issued an order requiring Plaintiff to show cause for the failure to serve Defendant Denoyer.  See Doc. 16.  In response, Plaintiff filed a motion (Doc. 18) seeking an extension of the time allowed to effect service, asserting that Plaintiff had no other address for Defendant Denoyer, but noting that he had filed a motion to compel the Arizona Department of Corrections, which is not a party to this matter, to disclose Defendant's last known address and to compel the Arizona Department of Corrections to "admit" that Defendant's employment was terminated as a result of the incident alleged by Defendant.  In an order issued January 14, 2014, the Court directed the United States Marshal to make

greater inquiry of the CDCR and re-attempt service on Defendant Denoyer, and allowed Plaintiff until March 3, 2014, to serve Defendant Denoyer.[1]

On February 3, 2014, Plaintiff filed a motion (Doc. 22) seeking leave to amend his second amended complaint at Doc. 11, which had been docketed without leave of Court. Plaintiff's proposed third amended complaint (Doc. 23) sought to identify John Doe defendants who have been dismissed from this matter.

In an order issued March 10, 2013, the Court denied Plaintiff's motion (Doc. 22) for leave to amend his complaint to identify John Doe defendants who were dismissed from the matter based on the failure to state a claim for relief against these defendants.

Service was again returned as unexecuted with regard to Defendant Denoyer on March 24, 2014. <u>See</u> Doc. 26.  The return of service documents indicate that service was attempted on Defendant Denoyer at his last known residential address.  <u>Id.</u>

Defendant Denoyer is the only defendant in this matter. Plaintiff has failed to effect service of process on Defendant Denoyer.

Dismissal of a civil action for failure to serve is a matter within the Court's discretion.  <u>See</u>, <u>e.g.</u>, <u>Puett v. Blandford</u>, 912 F.2d 270, 273 (9th Cir.1990).  In cases involving

---

[1] The Court ordered the Clerk of the Court to provide a copy of that order to the United States Marshal.  The Marshal was required to, within thirty days, make further inquiry of the Arizona Department of Corrections as to obtaining a last known home address for Defendant Denoyer.  The Marshal was further ordered to within fifteen days of receiving this information, attempt service on Defendant Denoyer at the address provided by the Arizona Department of Corrections.

plaintiffs proceeding in forma pauperis, the United States Marshal, upon order of the Court, is authorized to serve the summons and the complaint. See 28 U.S.C. § 1915(c); Boudette v. Barnett, 923 F.2d 754, 757 (9th Cir. 1991). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties...." Puett, 912 F.2d at 275. So long as the prisoner has furnished the information necessary to identify the defendant, the Marshal's failure to effect service "is automatically good cause within the meaning of Rule 4(j)." Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990) (internal quotations omitted).

However, it remains Plaintiff's responsibility to provide the United States Marshal with accurate and sufficient information to effect service. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995). The Court is not required to act as an investigative body in ascertaining a correct address for Defendant. See Fed. R. Civ. P. 4(c)(2); Walker, 14 F.3d at 1422; Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 2006) (holding the court is responsible for assisting indigent plaintiffs with service of process). The District Court judges of the United States District Court for the District of Arizona have concluded that "neither the [USMS] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in

1    the role of an advocate." E.g. DeRoche v. Funkhouser, 2008 WL

2    42277659, at *1 (D. Ariz. Sept. 16, 2008), citing Hall v.

3    Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the

4    Court should not assume the role of advocate for a pro se

5    litigant).  See also Ramirez v. Denver Health Medical Center,

6    2006 WL 2527965, at *3 (D. Colo. Aug. 30, 2006).

> The United States Supreme Court has made
> clear that federal "judges have no obligation
> to act as counsel or paralegal to pro se
> litigants." Pliler v. Ford, 542 U.S. 225, 231
> (2004) As an impartial decision maker, it is
> not a federal judge's role or responsibility
> to track down a defendant's address so a
> plaintiff may serve process. This degree of
> involvement "would undermine [trial] judges'
> role as impartial decisionmakers." Id. In
> this action, the Court has taken many steps
> to help facilitate Plaintiff's efforts in
> attempting to serve Defendant [], including
> providing blank subpoenas. If Plaintiff
> cannot provide the United States Marshal
> Service with an appropriate address to serve
> Defendant Clark, the Court can do little more
> at this juncture.

17   Johnson v. Clark, 2013 WL 646022, at *5 (D. Ariz.).

18         Accordingly,

19         **IT IS RECOMMENDED that** Plaintiff's complaint and this

20   action be **dismissed without prejudice** for the failure to serve

21   the only defendant remaining in this matter.

23         This recommendation is not an order that is immediately

24   appealable to the Ninth Circuit Court of Appeals. Any notice of

25   appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

26   Procedure, should not be filed until entry of the District

27   Court's judgment.

1         Pursuant to Rule 72(b), Federal Rules of Civil

2    Procedure, the parties shall have fourteen (14) days from the

3    date of service of a copy of this recommendation within which to

4    file specific written objections with the Court. Thereafter, the

5    parties have fourteen (14) days within which to file a response

6    to the objections. Pursuant to Rule 7.2, Local Rules of Civil

7    Procedure for the United States District Court for the District

8    of Arizona, objections to the Report and Recommendation may not

9    exceed seventeen (17) pages in length.

10        Failure to timely file objections to any factual or

11   legal determinations of the Magistrate Judge will be considered

12   a waiver of a party's right to de novo appellate consideration

13   of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,

14   1121 (9th Cir. 2003) (en banc). Failure to timely file

15   objections to any factual or legal determinations of the

16   Magistrate Judge will constitute a waiver of a party's right to

17   appellate review of the findings of fact and conclusions of law

18   in an order or judgment entered pursuant to the recommendation

19   of the Magistrate Judge.

20        DATED this 8th day of May, 2014.

21

22             _____

23                 Mark E. Aspey
            United States Magistrate Judge

24

25

26

27

28

-7-