```
 1
 2
 3
 4
 5
 6              IN THE UNITED STATES DISTRICT COURT
 7                  FOR THE DISTRICT OF ARIZONA
 8  Donald Alphonso Allen,           )
                                     )
 9        Plaintiff,                 )  CIV 13-08048 PHX DJH MEA
                                     )
10        v.                         )  REPORT AND RECOMMENDATION
                                     )  FOR DISMISSAL WITHOUT
11  Commissioner of Arizona State    )  PREJUDICE FOR FAILURE TO
    Prison; Pamela Rider; President  )  SERVE
12  of Management & Training         )
    Corporation, ASPC Kingman;       )
13  CO Denoyer; Unknown Parties,     )
                                     )
14        Defendants.                )
    _____)
15
```

16 **TO THE HONORABLE DIANE J. HUMETEWA:**

17    Plaintiff filed a complaint on March 11, 2013, alleging, *inter alia*, a cause of action pursuant to section 1983, regarding an incident which occurred on April 26, 2012, at the Arizona Department of Corrections facility in Kingman, Arizona. On March 11, 2013, Plaintiff was, and he is now, incarcerated in New Jersey. Plaintiff filed an amended complaint (Doc. 7) on May 20, 2013. On July 16, 2013, the Court granted Plaintiff's motion for leave to proceed in this matter *in forma pauperis* and ordered Defendant Denoyer to answer the claim stated in Plaintiff's amended complaint at Doc. 7.

27    The screening order states:

28        In his one-count First Amended Complaint,
          Plaintiff sues the following Defendants: John
          Doe Commissioner of the Arizona State Prison

|   |   |
|---|---|
| 1 | (John Doe Commissioner), Warden [] Rider, John Doe President of M.T.C. (John Doe President), Correctional Officer Denoyer, and "Captains and Sergeants, and L[ieu]tenants of the F[ir]st Shift Staff 1-10 I/J/S/A ABC Entities of Arizona State Prison Kingman Complex." |

        Plaintiff alleges that he was subjected to excessive force, in violation of the Eighth Amendment, when Defendant Denoyer[,] while Plaintiff was being searched, released his canister of pepper spray into Plaintiff's face and immediately placed his restraints on Plaintiff. Plaintiff contends that his vision became impaired from the incident and he had to seek additional eye care....

        Plaintiff claims that the post-incident investigation determined Defendant Denoyer had used excessive force, Plaintiff received a formal apology, and Defendant Denoyer was relieved of his duties for the remainder of his tour of duty that day. In addition, in response to Plaintiff's grievance regarding the incident, Defendant Rider stated that Defendant Denoyer's employment was terminated as a result of the incident.

Doc. 9.

        The Court ordered all other defendants and claims stated in the first amended complaint be dismissed. **The Court warned Plaintiff that his failure to obtain service of process on Defendant Denoyer within sixty days of the date that order was entered, i.e., by September 13, 2013, would result in the dismissal of Plaintiff's claims pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), Local Rules of Civil Procedure for the United States District Court for the District of Arizona.** The Court also denied Plaintiff's motion for the appointment of counsel.

        Plaintiff returned a service packet for Defendant Denoyer to the Court. A second amended complaint (Doc. 11) was docketed without leave of the Court on August 8, 2013, naming as

-2-

1  defendants Unknown Denoyer, Pamela Rider, Unknown Parties,
2  Unknown Party (Commissioner of Arizona State Prison), Unknown
3  Party (President of Management & Training Corporation), and ASPC
4  Kingman Complex.  Plaintiff was not entitled to docket another
5  amended complaint without leave of the Court.

6        The address provided by Plaintiff for service on
7  Defendant Denoyer was at the Arizona State Prison Complex in
8  Kingman, Arizona.  Service on Defendant Denoyer was returned as
9  unexecuted on August 29, 2013.  See Doc. 13.  The return of
10 service indicates that service documents were mailed to the
11 Kingman prison and returned to the United States Marshal with a
12 notation that Defendant Denoyer was no longer employed at the
13 prison.  Id.

14       On November 15, 2013, the Court issued an order
15 requiring Plaintiff to show cause for the failure to serve
16 Defendant Denoyer.  See Doc. 16.  In response, Plaintiff filed
17 a motion (Doc. 18) seeking an extension of the time allowed to
18 effect service, asserting that Plaintiff has no other address
19 for Defendant Denoyer but noting that he had filed a motion to
20 compel the Arizona Department of Corrections, which is not a
21 party to this matter, to disclose Defendant's last known address
22 and to compel the Arizona Department of Corrections to "admit"
23 that Defendant's employment was terminated as a result of the
24 incident alleged by Defendant.  In an order issued January 14,
25 2014, the Court directed the United States Marshal to make
26 greater inquiry and re-attempt service on Defendant Denoyer, and
27 allowed Plaintiff until March 3, 2014, to serve Defendant
28

Denoyer.[1]

On February 3, 2014, Plaintiff filed a motion (Doc. 22) seeking leave to amend his second amended complaint at Doc. 11, which had been docketed without leave of the Court. Plaintiff's proposed third amended complaint sought to identify John Doe defendants who had been dismissed from this matter. In an order issued March 10, 2013, the Court denied Plaintiff's motion for leave to amend his complaint, based on the failure to state a claim for relief against the defendants. According, Defendant Denoyer is the only defendant in this matter.

On March 24, 2014, service was again returned as unexecuted on Defendant Denoyer. See Doc. 26. Plaintiff filed another motion seeking leave to amend his complaint on April 21, 2014.

On May 8, 2014, a Report and Recommendation was issued, recommending that this matter be dismissed for Plaintiff's failure to effect service on Defendant Denoyer, the only defendant in the matter. See Doc. 32. The Report and Recommendation was adopted and the case dismissed on May 30, 2014. See Doc. 34. On July 3, 2014, Plaintiff docketed a motion seeking additional time to serve Defendant Denoyer and alleging that he had an avenue for discovering the whereabouts of Defendant Denoyer for the purpose of serving Defendant. See

---

[1] The Court ordered the Clerk of the Court to provide a copy of that order to the United States Marshal. The Marshal was required to, within thirty days, make further inquiry of the Arizona Department of Corrections as to obtaining a last known home address for Defendant Denoyer. The Marshal was further ordered to, within fifteen days of receiving this information, attempt service on Defendant Denoyer at the address provided by the Arizona Department of Corrections.

Doc. 39. On June 28, 2014, Plaintiff docketed objections to the Report and Recommendation at Doc. 32. <u>See</u> Doc. 40. On August 14, 2014, because Plaintiff had identified an option for discovering an address for Defendant Denoyer, the Report and Recommendation at Doc. 32 was vacated and the case was re-opened and the Court ordered that Management and Training Corporation disclose the last known address for this defendant under seal and that the Marshal against attempt to serve Defendant Denoyer. <u>See</u> Doc. 41.

On September 9, 2014, service on Defendant Denoyer at the address provided under seal was returned as unexecuted. <u>See</u> Doc. 43.

Plaintiff has failed to effect service of process on Defendant Denoyer despite having been given an extra year to do so.

Dismissal of a civil action for failure to serve is a matter within the Court's discretion. <u>See</u>, <u>e.g.</u>, <u>Puett v. Blandford</u>, 912 F.2d 270, 273 (9th Cir.1990). In cases involving plaintiffs proceeding *in forma pauperis*, the United States Marshal, upon order of the Court, is authorized to serve the summons and the complaint. <u>See</u> 28 U.S.C. § 1915(c); <u>Boudette v. Barnett</u>, 923 F.2d 754, 757 (9th Cir. 1991). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties...." <u>Puett</u>, 912 F.2d at 275. So long as the prisoner has furnished the

information necessary to identify the defendant, the Marshal's failure to effect service "is automatically good cause within the meaning of Rule 4(j)." Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990) (internal quotations omitted).

However, it remains Plaintiff's responsibility to provide the United States Marshal with accurate and sufficient information to effect service. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995). And the Court is not required to act as an investigative body in ascertaining a correct address for Defendant. See Fed. R. Civ. P. 4(c)(2); Walker, 14 F.3d at 1422; Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 2006) (holding the court is responsible for assisting indigent plaintiffs with service of process). The District Court judges of the United States District Court for the District of Arizona have concluded that "neither the [USMS] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." E.g. DeRoche v. Funkhouser, 2008 WL 42277659, at *1 (D. Ariz. Sept. 16, 2008), citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the Court should not assume the role of advocate for a pro se litigant). See also Pember v. Ryan, 2014 W L 3397735, at *2-*3 (D. Ariz.)[2]; Ramirez v. Denver Health Medical Center, 2006 WL

---

[2] The Court is not required to act as an investigative body in ascertaining a correct address for Defendant. Allen, 2014 WL 2435685, at *3. In Allen, this Court concluded that "neither the [Marshals] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit

-6-

2527965, at *3 (D. Colo. Aug. 30, 2006).

> The United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004) As an impartial decision maker, it is not a federal judge's role or responsibility to track down a defendant's address so a plaintiff may serve process. This degree of involvement "would undermine [trial] judges' role as impartial decisionmakers." Id. In this action, the Court has taken many steps to help facilitate Plaintiff's efforts in attempting to serve Defendant [], including providing blank subpoenas. If Plaintiff cannot provide the United States Marshal Service with an appropriate address to serve Defendant Clark, the Court can do little more at this juncture.

Johnson v. Clark, 2013 WL 646022, at *5 (D. Ariz.).

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's complaint and this action be **dismissed without prejudice** for the failure to serve the only defendant remaining in this matter.

---

as this would improperly place the Court in the role of an advocate." Id. The U.S. Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). As an impartial decision maker, it is not a federal judges' role or responsibility to track down a defendants' address so a plaintiff may serve process. This degree of involvement "would undermine [trial] judges role as impartial decisionmakers." Id.
 Further, the Local Rules of Civil Procedure that govern prisoner civil rights suits provide that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." LRCiv 16.2(b)(2)(B)(i). The Federal Rules of Civil Procedure require that service be completed within 120 days of the date the complaint was filed. Fed. R. Civ. P. 4(m). "If a defendant is not served within 120 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 11th day of September, 2014.

_____
Mark E. Aspey
United States Magistrate Judge