# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Alphonso Allen,<br><br>                    Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>                    Defendants. | No. CV-13-08048-PCT-DJH<br><br>**ORDER** |

Presently pending before the court is the Report and Recommendation of United States Magistrate Judge Mark E. Aspey ("R & R") (Doc. 44), recommending that this action be dismissed without prejudice as to defendant Denoyer, the only remaining defendant in this action.  Also pending before the Court is plaintiff Allen's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (Doc 45).

**I. Background**

As the R & R thoroughly recounts, plaintiff Allen has not effected service of process upon defendant Denoyer, although he was given an extra year to so do so, and the Court ordered the United States Marshal to assist the plaintiff.  As  fully and soundly discussed in that R & R, the Magistrate Judge recommended dismissal without prejudice pursuant to Fed.R.Civ.P. 4(m) because plaintiff Allen did not "serve the only defendant remaining in this matter."  R & R (Doc. 44) at 7:16.

The R & R was filed and served upon the parties on September 11, 2014. The R & R explicitly advised the parties that, pursuant to Fed.R.Civ.P. 72, they "shall have fourteen (14) days from the date of service of a copy of this recommendation within

1  which to file specific written objections with the Court." *Id.* at 8:7-11. The R & R also
2  explicitly advised the parties that "[f]ailure to timely file objections to any factual or legal
3  determinations of the Magistrate Judge will be considered a waiver of a party's right to
4  de novo appellate consideration of the issues." *Id.* at 8:15-18 (citation omitted).
5  Continuing, the R & R further advised that "[f]ailure to timely file objections to any
6  factual or legal determinations of the Magistrate Judge will constitute a waiver of a
7  party's right to appellate review of the findings of fact and conclusions of law in an order
8  or judgment entered pursuant to the recommendation of the Magistrate Judge." *Id.* at
9  8:19-24.  None of the parties have filed objections to that R & R, and the 14 day time
10 frame for so doing has passed.[1]

**II. Analysis**

When reviewing an R & R issued by a Magistrate Judge, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Of course, de novo review of a R & R is only required when an objection is made to the R & R[.]" *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (citing *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)). That is because "[n]either the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna–Tapia*, 328 F.3d at 1121 (citations omitted).  Indeed, construing the Federal Magistrates Act, the Supreme Court has found that that "statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Consistent with the foregoing authority, the Court has not conducted a de novo review of the pending R & R because the parties did not file any objections thereto.

Having reviewed the Magistrate Judge's R & R, and no objections having been

---

[1] This takes into account the additional three days allotted to the plaintiff in accordance with Fed.R.Civ.P. 6(d) because, as the docket indicates, he was served by mail.

filed by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation in its entirety (Doc. 34).

With respect to plaintiff Allen's most recent motion for appointment of counsel (his third), the Court denies that motion as moot. Plainly, the dismissal of this motion obviates plaintiff's purported need for counsel.

In accordance herewith , IT IS ORDERED that:

(1) Pursuant to Fed.R.Civ.P. 4(m), this action is **DISMISSED WITHOUT PREJUDICE TO RENEW**; and

(2) Plaintiff's Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED**.

Dated this 3rd day of October, 2014.

_____
Diane J. Humetewa
United States District Judge

- 3 -